# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/05/2022
CT Log Number 541348718

TO: Sirena Barlow
YELLOW CORPORATION
11500 OUTLOOK ST STE 400
OVERLAND PARK, KS 66211-1804

RE: **Process Served in Georgia**

FOR: YRC Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Donna Lee Daugherty, individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased // To: YRC Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Interrogatories |
| **COURT/AGENCY:** | Gwinnett County Superior Court, GA<br>Case # 22A026164 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 03/25/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/05/2022 at 13:08 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Charles E. Dorr<br>CHARLES E. DORR, P.C.<br>201 West Jefferson Street<br>Madison, GA 30650<br>706-438-4225 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/06/2022, Expected Purge Date: 04/11/2022<br><br>Image SOP<br><br>Email Notification,  Tracy Vandover  tracy.vandover@yrcw.com<br><br>Email Notification,  Danna Cannon  danna.cannon@yrcw.com<br><br>Email Notification,  PATRICE BROWN  patrice.brown@myyellow.com<br><br>Email Notification,  Joseph Pec  joseph.pec@yrcw.com<br><br>Email Notification,  Nancy Allison  nancy.allison@yrcw.com<br><br>Email Notification,  Chris Garcia  chris.garcia@yrcw.com<br><br>Email Notification,  Sirena Barlow  sirena.barlow@yrcw.com |

 CT Corporation

**Service of Process Transmittal**
04/05/2022
CT Log Number 541348718

**TO:** Sirena Barlow
YELLOW CORPORATION
11500 OUTLOOK ST STE 400
OVERLAND PARK, KS 66211-1804

**RE:** **Process Served in Georgia**

**FOR:** YRC Inc.  (Domestic State: DE)

Email Notification,  Denise Williams  denise.williams@myyellow.com

**REGISTERED AGENT ADDRESS:**   C T Corporation System
289 S. Culver St.
Lawrenceville, GA 30046
866-331-2303
CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-02616-4**
**3/29/2022 3:41 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

DONNA LEE DAUGHERTY, Individually and

DONNA LEE DAUGHERTY as Administratrix

of the Estate of Norman Eugene Daugherty, Jr., deceased

CIVIL ACTION 22-A-02616-4
NUMBER:_____

PLAINTIFF

VS.

## YRC INC. and YRC INC. d/b/a

## YRC FREIGHT and

## LUIS BURGOS

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: YRC INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**CHARLES E. DORR, P.C.**
**201 West Jefferson Street**
**Madison, Georgia 30650**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
30th day of March, 2022

Tiana P. Garner
Clerk of Superior Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-02616-4**
**3/29/2022 3:41 PM**
TIANA P. GARNER, CLERK

## SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Donna Lee Daugherty, individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, | ) ) ) | CIVIL ACTION FILE<br>No: 22-A-02616-4 |
| Plaintiffs | ) ) ) | |
| vs. | ) ) | |
| YRC INC. and YRC INC. d/b/a YRC Freight and Luis Burgos, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES

Plaintiffs Donna Lee Daugherty individually, and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, make the following complaint against Defendants YRC INC. and Luis Burgos, and show the court as follows:

### THE PARTIES

1.

Donna Lee Daugherty (Mrs. Daugherty) is the surviving spouse of Norman Eugene Daugherty, Jr. (Ned). Mrs. Daugherty is a resident of Gwinnett County, Georgia. At all times material hereto, she was married to Norman Eugene Daugherty, Jr. Donna Lee Daugherty is the duly appointed Administratrix of Ned's Estate.

2.

YRC INC. (YRC) is a corporation organized and existing under the laws of Delaware. Its Principal Office is 10990 Roe Ave. MS A515, Overland Park, KS, 66211. YRC is a motor common carrier operating as YRC Freight under DOT number 071821.

3.

YRC has a registered office in Gwinnett County, Georgia, located at 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805. Its Registered Agent at said address is CT Corporation System.

4.

Service may be made upon YRC by service upon CT Corporation System at the above-named registered office.

5.

YRC is subject to the jurisdiction and venue of this court.

6.

Luis Burgos (Burgos) is a resident of Georgia. His last known address is at 672 Overlook Wood Way, Lawrenceville, Georgia 30043 at which address he may be served. Burgos is subject to the jurisdiction and venue of this court as a joint-tortfeasor.

## COUNT I

## CLAIMS AGAINST DEFENDANT YRC

7.

On March 25, 2020, shortly after 3:00 PM, Larry D. Ingram (Ingram) and Ned were driving north in rush hour traffic on US Highway I-85 in Gwinnett County, Georgia.

8.

They were traveling in the second lane from the left of the six toll-free northbound lanes.

9.

Ned was driving a 2014 Toyota Corolla.

10.

Ingram was driving a seventy-foot-long tractor-trailer rig consisting of a Volvo Tractor and two loaded trailers, owned and operated by YRC.

11.

Ingram was following Ned's Toyota at a distance of approximately 140 feet.

12.

Ingram was traveling at approximately 60 miles per hour (approximately 88 feet per second).

13.

At a following distance of approximately 140 feet, and a speed of 88 feet per second, Ingram was following Ned's car too closely with less than two seconds of following time.

14.

Ingram had the throttle wide open.

15.

Ingram was engaged in a telephone conversation.

16.

As the two vehicles proceeded north, a Sprinter van moved into the lane ahead of Ingram, completely blocking his view of traffic conditions ahead of the van.

17.

Ingram did not notice the van until it had already entered his lane of travel.

18.

When the van moved into the lane in front of Ingram, instead of slowing down to establish a safe following distance behind the van, Ingram braked for one second, shouted obscenities at the van driver, and pushed the truck's accelerator to the floor.

19.

The applicable safety standards require drivers of tractor trailers to slow down and "back out" of unsafe conditions created by traffic moving into their lane in order to establish a safe space ahead.

20.

Instead of continuing to slow down and backing out as required, Ingram violated the foregoing safety standards by tailgating the van with his throttle wide open.

21.

At no time was Ingram more than 70 feet behind the van, and at no time could Ingram see anything ahead of the van.

22.

Nonetheless, Ingram blindly accelerated behind the van for four and one half seconds.

23.

At Ingram's speeds, the 70 or fewer feet of separation between Ingram and the van represented less than one second of travel time for the loaded tandem tractor trailer Ingram was driving.

24.

While Ingram was accelerating blindly behind the van, traffic ahead of Ingram and the van came to a stop.

25.

Ned's Toyota was still ahead of the van but was stopped behind two cars which had stopped ahead of him.

26.

The van moved left out of Ingram's lane and avoided Ned's stopped car.

27.

As the van moved out of his lane, Ingram saw Ned's stopped car.

28.

When Ingram saw Ned's car, the throttle on the rig Ingram was operating was wide open.

29.

At that point, Ingram was less than two seconds behind Ned's car, just as he was before the van interloped.

30.

Ingram's known reaction time from throttle to brake is 1.85 seconds.

31.

With a reaction time of 1.85 seconds and a following time of less than two seconds behind Ned's stationary car, Ingram had left himself insufficient time in which to stop before striking Ned's car.

32.

As a result, Ingram crashed the YRC truck into the rear of Ned's car at approximately 38 miles per hour, causing a collision that scattered several vehicles along and across I-85.

33.

The impact of the truck with Ned's car destroyed the car and fatally injured Ned.

34.

Ned sustained multiple traumatic injuries as result of the collision, among which were T-2 fracture with dislocation, T-3 fracture, neurogenic shock, pulmonary contusions, comminuted humerus fracture, and right-sided pneumothorax, and traumatic subdural hematoma.  Had he lived, Ned would have been in a paralyzed and, likely, vegetative state for the remainder of his life.

35.

Ned was transported by ambulance from his car to Northside Hospital where he died as result of his injuries on April 6, 2020.

36.

The collision was entirely avoidable. Had Ingram simply maintained a safe following distance behind Ned and reacted to the interloping van as his training and the standards applicable to his profession instruct, he could have safely brought the truck to a complete stop sixty (60) to seventy (70) feet behind Ned's car.

37.

The collision occurred because Ingram violated critical safety standards established by the trucking industry.

38.

Ingram was driving a 70-foot-long truck with two trailers at 60 MPH in a fast lane of I-85, under conditions in which the applicable safety standards required him to drive in the slower lanes to his right.

39.

Ingram was traveling at 60 MPH approximately 140 feet behind Ned with less than two seconds of following time behind Ned before the van ever interloped, when the applicable safety standards required him to have at least six to eight seconds of following time due to the length and composition of the YRC truck.

40.

Ingram failed to establish and maintain a safe following distance behind Ned's car, either before or during the appearance of the Sprinter van.

41.

After the van moved into Ingram's path, Ingram failed to establish a safe following distance behind the van, in violation of the applicable standards for managing space ahead.

42.

Sudden stops on interstate highways in metropolitan areas during rush hour traffic are not uncommon occurrences and are foreseeable. At 60 miles per hour, a seventy-foot tandem tractor trailer requires a following distance of six to eight seconds behind traffic ahead of it, and twelve to fifteen seconds of sight distance ahead, in order for the driver to safely stop or to change lanes in response to changing traffic conditions.

43.

By following Ned with less than two seconds of following time and tailgating the Sprinter van, Ingram failed to comply with the applicable safety standards for managing space ahead.

44.

By failing to comply with the safety standards for managing space ahead, Ingram was negligent.

45.

If traffic is too heavy to allow the required following time at higher speeds, then drivers of tandem tractor trailers on multi-lane highways such as I-85 are required by applicable standards to drive in slower traffic lanes to the right.

46.

By failing to travel in the slower traffic lanes to his right, Ingram was negligent in that he violated a safety standard which required him to travel to the right in slower traffic under the circumstances of the subject incident.

47.

Ingram was also driving in a traffic lane restricted by signage to trucks with six or fewer wheels.

48.

By following Ned with less than two seconds of following time and by his aggressive driving after the van moved into his lane, Ingram placed himself in a situation in which he could not stop to avoid crashing into Ned's car which had stopped suddenly under foreseeable circumstances.

49.

Had Ingram complied with the standard which required him to drive to the right in slower lanes of traffic, instead of driving aggressively in a fast lane of traffic, he would not have caused the collision that killed Ned.

50.

Because of the Coronavirus pandemic, Ms. Daugherty was unable to visit Ned at the hospital; thus she was totally deprived of his companionship as he lay dying in an ICU unit.

51.

Ingram's negligence was a proximate cause of the collision with Ned's car.

52.

Ingram's negligence was a proximate cause of Ned's pain and suffering, his medical expenses, his death, and the expenses of his cremation.

53.

Ingram's negligence was a proximate cause of Mrs. Daugherty's loss of Ned's consortium.

54.

Ned's medical expenses caused by the collision are $381,616.00.

55.

The cost of Ned's cremation was $2,018.30.

56.

Ned underwent excruciating pain and suffering as result of his injuries.

57.

Ned was 63 years old and in good health at the time of the collision. He enjoyed life with his family, his friends, and in his work. He left home for work on the morning of March 25, 2020 and was returning home when his life was cut short by Mr. Ingram's acts.

58.

At all times material hereto, Ingram was an employee of YRC.

59.

At all times material hereto, Ingram was driving the subject tractor-trailer in the scope and course of his employment with YRC.

60.

YRC is liable for Ingram's negligence under the doctrine of *respondeat superior*.

61.

YRC is liable for Plaintiffs' damages caused by Ingram's negligence under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs demand judgment against Defendant YRC as follows:

1. Donna Lee Daugherty individually demands judgment against Defendant YRC for the full value of the life of Norman Eugene Daugherty, Jr. in such an amount as a fair and impartial jury may deem appropriate;

2. Donna Lee Daugherty individually demands judgment against Defendant YRC for her loss of consortium between the time of the collision in question and the time of Mr. Daugherty's death in such an amount as a fair and impartial jury may deem appropriate;

3. Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, demands judgment against Defendant YRC for Mr. Daugherty's pain and suffering, and for his medical and funeral expenses set forth above;

5. Plaintiffs demand judgment for the costs of this action;

6. Plaintiffs pray for such other relief as the court may deem just and proper;

7. Plaintiffs demand a trial by jury.

## COUNT II

## CLAIMS AGAINST LUIS BURGOS

The allegations of paragraphs 1 through 61 above are hereby incorporated as though they were fully realleged herein.

62.

On the afternoon of March 25, 2020, Burgos was driving a Honda Civic Northbound on U. S. Highway Interstate 85 in Gwinnett County, Georgia.

63.

Burgos was traveling in the second of six toll-free lanes of I-85 northbound.

64.

Richard Kaziba (Kaziba) was following Burgos in the same lane of travel. He was driving a 2014 Toyota Corolla.

65.

Ned was following Kaziba in the same lane of travel. Mr. Daugherty was also driving a 2014 Toyota Corolla.

66.

As traffic proceeded northbound on I-85, Burgos suddenly and without warning stopped his car, thus obstructing traffic ahead of Ned.

67.

Kaziba suddenly stopped behind Burgos in order to avoid colliding with him.

68.

Ned stopped suddenly in order to avoid striking the Kaziba vehicle.

69.

Shortly after Ned came to a stop, Ingram crashed the YRC tractor into the rear of Ned's car, fatally injuring Ned.

70.

Burgos' negligence in obstructing traffic was a contributing cause of the collision and of Plaintiffs' damages as set forth above.

## DISCOVERY

71.

Plaintiffs' First Interrogatories to Defendant are attached as Exhibit A and are served herewith.

WHEREFORE, Plaintiffs demand judgment against Defendant Burgos as follows:

1. Donna Lee Daugherty individually demands judgment against Defendant Burgos for the full value of the life of Norman Eugene Daugherty, Jr. in such an amount as a fair and impartial jury may deem appropriate;

2. Donna Lee Daugherty individually demands judgment against Defendant Burgos for her loss of consortium between the time of the collision in question and the time of Mr. Daugherty's death in such an amount as a fair and impartial jury may deem appropriate;

3. Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, demands judgment against Defendant Burgos for Mr. Daugherty's pain and suffering, and for his medical and funeral expenses set forth above;

5. Plaintiffs demand judgment for the costs of this action;

6. Plaintiffs pray for such other relief as the court may deem just and proper;

7. Plaintiffs demand a trial by jury.

ATTORNEYS FOR PLAINTIFFS:

/s/ Charles E. Dorr
CHARLES E. DORR
Georgia Bar No: 225983

Charles E. Dorr, P.C.
201 West Jefferson Street
Madison, Georgia 30650
(404) 474-2334
chuck@dorrlaw.com

/s/ James E. Carter
JAMES E. CARTER
Georgia Bar No: 114400

James E. Carter Law Firm, LLC
199 West Jefferson Street
Madison, Georgia 30650
(706) 438-4225
jcarter@jcarterlawllc.com

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-02616-4
3/29/2022 3:41 PM
TIANA P. GARNER, CLERK

EXHIBIT A

## SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Donna Lee Daugherty, individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, | ) ) ) | CIVIL ACTION FILE<br><br>No: 22-A-02616-4 _____ |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YRC INC. and YRC INC. d/b/a YRC Freight and Luis Burgos, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS
### YRC INC. AND YRC INC. D/B/A YRC FREIGHT

Plaintiffs hereby serve these Interrogatories upon Defendants YRC INC. and

YRC INC. d/b/a YRC Freight and request that they be fully answered in writing and

under oath within 45 days of the date of service.  These interrogatories are served

pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 and shall be deemed continuing and

must be supplemented by Defendant to the extent required by O.C.G.A. § 9-11-

26(e).

### To Whom These Interrogatories Are Directed

Each interrogatory is addressed to the personal knowledge of the Defendants

YRC INC. and YRC INC. d/b/a YRC Freight, as well as to the knowledge and

information of Defendants' attorneys, investigators, agents, employees, and other

representatives.  When a question is directed to a Defendants, the question is also directed to each of the aforementioned persons.

<u>Continuing Duty to Supplement</u>

These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence.

<u>DEFINITIONS</u>

1.    "<u>YRC INC. and YRC INC. d/b/a YRC Freight</u>" or "<u>YRC</u>" or "<u>Defendant</u>" or "<u>You</u>" means YRC INC. and YRC INC. d/b/a YRC Freight, and any and all of its subsidiaries, divisions, operating units, affiliates, successors, predecessors through merger, acquisition, or consolidation, and any other business entity owned in whole or in part by the Defendant, both domestic and foreign.  These terms also include any and all parent corporations or holding companies, domestic or foreign, with which a Defendant is associated, as well as any and all of the Defendants' present or former officers, directors, agents, servants, employees, and any persons acting or purporting to act on Defendant's behalf.

2.    "<u>Person</u>" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    "<u>And</u>" or "<u>or</u>" or "<u>and/or</u>" shall be construed either disjunctively or conjunctively, as necessary, to make the usage of such words inclusive rather than exclusive.

4.    "<u>Identify</u>" means:

With respect to "identifying" any "person" or stating the "identity" of any "person," provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

5.    "<u>Information</u>" should be construed broadly to include reference to both facts and applicable principles.  This word should not be construed to be limited by any method of acquisition or compilation and therefore includes oral information as well as "documents."

6.    "<u>Subject Incident</u>" means the events made the basis of the Complaint, including the incident which occurred on or about March 25, 2020, during which Norman Eugene Daugherty, Jr. was injured.

<u>INTERROGATORIES</u>

1.

Please identify each person (excluding your attorneys and any non-disclosed experts) who, to your knowledge, information, or belief, possesses any knowledge concerning either the Subject Incident or the cause(s) of the Subject Incident, one or

more of the Plaintiffs' claims or damages, or one or more of your defenses to the Plaintiffs' Complaint. For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge. This includes, but is not limited to, any witness you might call at trial.

2.

Please identify each and every expert whom you expect to call as a witness at the trial of this case, and with regard to each such witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

ATTORNEYS FOR PLAINTIFFS:

/s/ Charles E. Dorr
CHARLES E. DORR
Georgia Bar No: 225983

Charles E. Dorr, P.C.
201 West Jefferson Street
Madison, Georgia 30650
(404) 474-2334
chuck@dorrlaw.com

/s/ James E. Carter
JAMES E. CARTER
Georgia Bar No: 114400

James E. Carter Law Firm, LLC
199 West Jefferson Street
Madison, Georgia 30650
(706) 438-4225
jcarter@jcarterlawllc.com

Page 4 of 4

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-02616-4
4/12/2022 11:36 AM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DONNA LEE DAUGHERTY,** **individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased,** | **CIVIL ACTION** **FILE NO. 22-A-02616-4** |
| **Plaintiffs,** | |
| **v.** | |
| **YRC INC., and YRC INC., d/b/a YRC FREIGHT and LUIS BURGOS,** | |
| **Defendants.** | |

### AFFIDAVIT OF SERVICE

COMES NOW AMY FERRERO, before the undersigned officer duly authorized to administer oaths and, after being duly sworn on oath deposes and states that she has been specially appointed by this Court for service of process per Order attached, she is a citizen of the United States, over the age of eighteen (18), and is a party having no interest in the above styled case, states that on April 5, 2022 at 1:04 PM, she served YRC INC., d/b/a YRC FREIGHT, by personally serving JANE RICHARDSON, CT Corporation System, Registered Agent, at her business located at 289 S. Culver Street, Lawrenceville, Georgia, with SUMMONS, COMPLAINT FOR DAMAGES and PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS YRC INC AND YRC INC D/B/A YRC FREIGHT.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 5 day of April, 2022

Legal Ease Attorney Services, Inc.
645 Waldo Street
Atlanta, GA 30312
404-849-1240

Sworn to and subscribed before me
this 5th day of April, 2022

Notary Public

My commission expires:



E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-02616-4
4/4/2022 11:53 AM
TIANA P. GARNER, CLERK

## SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Donna Lee Daugherty, individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, ) | CIVIL ACTION FILE |
| ) | |
| Plaintiffs ) | No: 22-A-02616-4 |
| ) | |
| vs. ) | |
| ) | |
| YRC INC. and YRC INC. d/b/a YRC Freight and Luis Burgos, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## ORDER FOR SPECIAL APPOINTMENT
## OF PROCESS SERVER

Upon Motion of the Plaintiffs for Appointment of Special Process Server, and it appearing appropriate, just, and equitable

It is considered ORDERED and ADJUDGED that Katherine Bolling and Amy Ferrero, citizens of the United States, 18 years of age or over, parties having no interest and not related to any party in the above-styled case, and are not convicted felons, are hereby appointed special agents for service of the Summons, Complaint, and Interrogatories in this case upon the Defendants.

So ORDERED this _4th_ day of _April_, 2022.

Hon. Tamela L. Adkins, Judge
Superior Court of Gwinnett County

Page 1 of 1

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**22-A-02616-4**

3/29/2022 3:41 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** Gwinnett Superior Court _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _____ <br> **MM-DD-YYYY** | **Case Number** _____ <br> 22-A-02616-4 |

**Plaintiff(s)**

DAUGHERTY, Individually, DONNA L

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

DAUGHERTY, as Administratrix of the Esta, DONNA L

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Defendant(s)**

YRC INC

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

BURGOS, LUIS

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

YRC INC. d/b/a YRC Freight

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Plaintiff's Attorney** JAMES E CARTER _____ **State Bar Number** 114400 _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-02616-4
4/4/2022 11:53 AM
TIANA P. GARNER, CLERK

## SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Donna Lee Daugherty, individually and Donna )
Lee Daugherty as Administratrix of the )
Estate of Norman Eugene Daugherty, Jr., deceased,)
)
    Plaintiffs )
)
vs. )
)
YRC INC. and YRC INC. d/b/a YRC Freight )
and Luis Burgos, )
)
    Defendants. )

CIVIL ACTION FILE

No: 22-A-02616-4

JURY TRIAL DEMANDED

## ORDER FOR SPECIAL APPOINTMENT
## OF PROCESS SERVER

Upon Motion of the Plaintiffs for Appointment of Special Process Server, and it appearing appropriate, just, and equitable

It is considered ORDERED and ADJUDGED that Katherine Bolling and Amy Ferrero, citizens of the United States, 18 years of age or over, parties having no interest and not related to any party in the above-styled case, and are not convicted felons, are hereby appointed special agents for service of the Summons, Complaint, and Interrogatories in this case upon the Defendants.

So ORDERED this 4th day of April, 2022.

_____
Hon. Tamela L. Adkins, Judge
Superior Court of Gwinnett County

Page 1 of 1

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**22-A-02616-4**

**4/1/2022 4:25 PM**
TIANA P. GARNER, CLERK

## SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Donna Lee Daugherty, individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, | ) ) ) | CIVIL ACTION FILE |
| | ) | No: 22-A-02616-4 |
| Plaintiffs | ) ) | |
| vs. | ) ) | |
| YRC INC. and YRC INC. d/b/a YRC Freight and Luis Burgos, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFFS MOTION FOR APPOINTMENT
## OF A SPECIAL PROCESS SERVER

COME NOW Plaintiffs, pursuant to O.C.G.A. 9-11-4(c) and show this Court that expedited service on Defendants is necessary and request the appointment of a special process server to serve Defendants, as authorized by law.

WHEREFORE, Plaintiffs move this Court for an Order appointing Katherine Bolling and Amy Ferrero, who are not interested parties or parties to the suit, are citizens of the United States, 18 years of age or over, and not convicted felons, to serve Defendants with process, and to make a return on that service pursuant to O.C.G.A 9-11-4(c).

RESPECTFULLY SUBMITTED this 1st day of April, 2022.

ATTORNEYS FOR PLAINTIFFS:

/s/ James E. Carter
JAMES E. CARTER
Georgia Bar No: 114400

James E. Carter Law Firm, LLC
199 West Jefferson Street
Madison, Georgia 30650
(706) 438-4225
jcarter@jcarterlawllc.com

/s/ Charles E. Dorr
CHARLES E. DORR
Georgia Bar No: 225983

Charles E. Dorr, P.C.
201 West Jefferson Street
Madison, Georgia 30650
(404) 474-2334
chuck@dorrlaw.com

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**DONNA LEE DAUGHERTY,**
**Individually and DONNA LEE**
**DAUGHERTY as Administratrix of the**
**estate of Norman Eugene Daugherty, Jr.,**
**deceased,**

**Plaintiff,**

v.

**YRC INC., et al.,**

**Defendants.**

**CIVIL ACTION NUMBER**
**22-A-02616-4**

### AFFIDAVIT OF PROCESS SERVER

COMES NOW KATHERINE BOLLING, before the undersigned officer duly authorized to administer oaths and states that she is a citizen of the United States, over the age of eighteen (18), she is not a convicted felon, she is not a party to the suit, she is not a relative to any party in the suit, she is not the attorney for any party in the suit, she has no financial interest in the litigation, and she is wholly disinterested in the litigation.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of April, 2022

Legal Ease Attorney Services, Inc.
645 Waldo Street, SE
Atlanta, Georgia 30312
(404) 849-1240

Sworn to and subscribed before me
this ___ day of April, 2022

_____
Notary Public
My commission expires:

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DONNA LEE DAUGHERTY,
Individually and DONNA LEE
DAUGHERTY as Administratrix of the
estate of Norman Eugene Daugherty, Jr.,
deceased,

    Plaintiff,

v.

YRC INC., et al.,

    Defendants.

CIVIL ACTION NUMBER
22-A-02616-4

## AFFIDAVIT OF PROCESS SERVER

    COMES NOW AMY FERRERO, before the undersigned officer duly authorized to administer oaths and states that she is a citizen of the United States, over the age of eighteen (18), she is not a convicted felon, she is not a party to the suit, she is not a relative to any party in the suit, she is not the attorney for any party in the suit, she has no financial interest in the litigation, and she is wholly disinterested in the litigation.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 1 day of APRIL, 2022

Legal Ease Attorney Services, Inc.
645 Waldo Street, SE
Atlanta, Georgia 30312
(404) 849-1240

Sworn to and subscribed before me
this 1st day of April, 2022

Notary Public
My commission expires:

KATHERINE BOLLING
MY COMMISSION EXPIRES
DECEMBER 28, 2025
NOTARY PUBLIC
FULTON COUNTY, GEORGIA

SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Donna Lee Daugherty, individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, | ) ) ) | CIVIL ACTION FILE<br><br>No: 22-A-02616-4 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YRC INC. and YRC INC. d/b/a YRC Freight and Luis Burgos, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

ORDER FOR SPECIAL APPOINTMENT
OF PROCESS SERVER

Upon Motion of the Plaintiffs for Appointment of Special Process Server, and it appearing appropriate, just, and equitable

It is considered ORDERED and ADJUDGED that Katherine Bolling and Amy Ferrero, citizens of the United States, 18 years of age or over, parties having no interest and not related to any party in the above-styled case, and are not convicted felons, are hereby appointed special agents for service of the Summons, Complaint, and Interrogatories in this case upon the Defendants.

So ORDERED this _____ day of _____, 2022.

_____
Hon. Tamela L. Adkins, Judge
Superior Court of Gwinnett County

Page 1 of 1

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
22-A-02616-4
3/29/2022 3:41 PM
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**DONNA LEE DAUGHERTY, Individually and**

**DONNA LEE DAUGHERTY as Administratrix**

of the Estate of Norman Eugene Daugherty, Jr., deceased

CIVIL ACTION
NUMBER: 22-A-02616-4

PLAINTIFF

VS.

**YRC INC. and YRC INC. d/b/a**

**YRC FREIGHT and**

**LUIS BURGOS**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   LUIS BURGOS

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**CHARLES E. DORR, P.C.**
**201 West Jefferson Street**
**Madison, Georgia 30650**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

30th day of March, 2022

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

22-A-02616-4

3/29/2022 3:41 PM

TIANA P. GARNER, CLERK

EXHIBIT A

## SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Donna Lee Daugherty, individually and Donna Lee Daugherty as Administratrix of the Estate of Norman Eugene Daugherty, Jr., deceased, )<br>)<br>)<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>YRC INC. and YRC INC. d/b/a YRC Freight )<br> and Luis Burgos, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br><br>No: 22-A-02616-4 _____<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANTS
### YRC INC. AND YRC INC. D/B/A YRC FREIGHT

Plaintiffs hereby serve these Interrogatories upon Defendants YRC INC. and YRC INC. d/b/a YRC Freight and request that they be fully answered in writing and under oath within 45 days of the date of service. These interrogatories are served pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 and shall be deemed continuing and must be supplemented by Defendant to the extent required by O.C.G.A. § 9-11-26(e).

### To Whom These Interrogatories Are Directed

Each interrogatory is addressed to the personal knowledge of the Defendants YRC INC. and YRC INC. d/b/a YRC Freight, as well as to the knowledge and information of Defendants' attorneys, investigators, agents, employees, and other

representatives.  When a question is directed to a Defendants, the question is also directed to each of the aforementioned persons.

Continuing Duty to Supplement

These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence.

DEFINITIONS

1. "YRC INC. and YRC INC. d/b/a YRC Freight" or "YRC" or "Defendant" or "You" means YRC INC. and YRC INC. d/b/a YRC Freight, and any and all of its subsidiaries, divisions, operating units, affiliates, successors, predecessors through merger, acquisition, or consolidation, and any other business entity owned in whole or in part by the Defendant, both domestic and foreign.  These terms also include any and all parent corporations or holding companies, domestic or foreign, with which a Defendant is associated, as well as any and all of the Defendants' present or former officers, directors, agents, servants, employees, and any persons acting or purporting to act on Defendant's behalf.

2. "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.     "<u>And</u>" or "<u>or</u>" or "<u>and/or</u>" shall be construed either disjunctively or conjunctively, as necessary, to make the usage of such words inclusive rather than exclusive.

4.     "<u>Identify</u>" means:

With respect to "identifying" any "person" or stating the "identity" of any "person," provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

5.     "<u>Information</u>" should be construed broadly to include reference to both facts and applicable principles.  This word should not be construed to be limited by any method of acquisition or compilation and therefore includes oral information as well as "documents."

6.     "<u>Subject Incident</u>" means the events made the basis of the Complaint, including the incident which occurred on or about March 25, 2020, during which Norman Eugene Daugherty, Jr. was injured.

<u>INTERROGATORIES</u>

1.

Please identify each person (excluding your attorneys and any non-disclosed experts) who, to your knowledge, information, or belief, possesses any knowledge concerning either the Subject Incident or the cause(s) of the Subject Incident, one or

more of the Plaintiffs' claims or damages, or one or more of your defenses to the Plaintiffs' Complaint.  For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge.  This includes, but is not limited to, any witness you might call at trial.

2.

Please identify each and every expert whom you expect to call as a witness at the trial of this case, and with regard to each such witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which said expert is expected to testify, and a summary of the grounds for each opinion.

ATTORNEYS FOR PLAINTIFFS:

/s/ Charles E. Dorr
CHARLES E. DORR
Georgia Bar No: 225983

Charles E. Dorr, P.C.
201 West Jefferson Street
Madison, Georgia 30650
(404) 474-2334
chuck@dorrlaw.com

/s/ James E. Carter
JAMES E. CARTER
Georgia Bar No: 114400

James E. Carter Law Firm, LLC
199 West Jefferson Street
Madison, Georgia 30650
(706) 438-4225
jcarter@jcarterlawllc.com